# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv405

| | |
|---|---|
| **SYNDEY ALLEN COGGINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), pursuant a specific Order of Referral of the district court, and upon plaintiff's Motion for Summary Judgment (#12) and the Commissioner's Motion for Summary Judgment (#15). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

From the outset, the Commissioner has raised an issue *sua sponte*[1] which appears to require remand of the Commissioner's decision for rehearing:

> . . . although not raised by Plaintiff, it must be pointed out that the ALJ erred by mistakenly characterizing the residual functional capacity assessment of a single decisionmaker (SDM) Allen Godwin (Tr. 346-353) as an assessment by a medical source (Tr. 13). Mr. Godwin was not a medical source, and his opinion was not entitled to evidentiary weight . . . . Despite this error, substantial evidence supports the ALJ's decision, since a state-agency physician reviewed the record and endorsed the findings of Mr. Godwin.

Memorandum in Support (#16), at 4-5 (footnote omitted). The court cannot agree, however, that the error was harmless and that the court could affirm the final decision of the Commissioner based on endorsement of Mr. Godwin's opinion by an actual state-agency physician. Indeed, in another case reviewed by this court involving an identical error, the Commissioner admitted as much:

> Erroneously identifying a single decisionmaker's residual functional capacity assessment as a medical opinion may undermine the validity of the ALJ's decision and necessitate remand.

Jones v. Commissioner, 1:09cv362 (W.D.N.C. 2009), Commissioner's Brief (#26), at 9-10 (footnote and citations omitted). As in this case, the Commissioner also argued in Jones that remand was not required because the RFC the ALJ erroneously

---

[1] The court commends the Commissioner's candor.

2

considered to be a medical opinion was later adopted by an agency physician. Id., at p. 10.[2]

While not binding in courts in the Fourth Circuit, the opinion of the Sixth Circuit Court of Appeals in Dewey v. Astrue, 509 F.3d 447, 449-450 (8th Cir. 2007), which deals with a similar error, is highly instructive. In that case, the Sixth Circuit held, as follows:

> There is certainly no substantial evidence that the Residual Functional Capacity Assessment in the record was the opinion of a physician. The Commissioner's brief admits, "In his decision, the ALJ did factually mischaracterize Ms. Muser's assessment as having been performed by a physician." The record contains a report from a medical consultant, but the consultant did not opine that Dewey could perform "at the light exertional level with some postural limitations," as the ALJ reported the state agency's "physicians" had said. Instead, this language appears to have been drawn from the Residual Functional Capacity Assessment. In the context of discussing the Residual Functional Capacity Assessment, the ALJ cited Social Security Ruling 96-6p, which requires ALJs to accord a certain weight to the opinions of state agency medical consultants; this inapposite citation indicates that the ALJ inadvertently weighed the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant, which would be a legal error in applying the ruling.
> The Commissioner argues that the error was harmless, but in light of the presence in the record of a more restrictive opinion from Dewey's treating physician, we cannot say that the ALJ would inevitably have reached the same result if he had understood that the Residual Functional

---

[2] To the extent that the Commissioner's position in Jones could be considered different than the position taken in this case, it is only one of degree. By pointing out Jones (which the district court remanded), the undersigned finds no fault or inconsistency by either the Commissioner or counsel. Rather, it is pointed out as this court strives to treat disability appellants evenhandedly.

3

> Capacity Assessment had not been completed by a physician or other qualified medical consultant.
>     We remand for rehearing.

Id., at 449-50.

While the Commissioner's arguments are well taken, the court believes that the error is so fundamental as to not be capable of being harmless. While the burden is on the applicant to prove that she lacks the RFC for substantial gainful employment, 20 C.F.R. §§ 404.1512(c) & 416.912(c), the Commissioner is obligated to provide petitioner with a meaningful hearing, which requires affording proper weight to the evidence presented. See SSR 96-7p. Indeed, in this case the ALJ gave extraordinary weight to an opinion of a single decisionmaker, going so far as to disregard the opinion of an *actual licensed physician*, Dr. Rehfield, a state agency doctor in the same paragraph, finding as follows:

> I give no weight to Dr. Rehfield's findings . . . . Dr. Godwin's findings are supported by the medical evidence of record, therefore, I give greater weight to his limitations as expressed in Ex. 7F.

Tr., at 13.

While it is certainly conceivable that the ALJ could have reached the same conclusion absent the error, the court finds the error to be so fundamental as to diminish confidence in the outcome of the proceeding. Such conclusion is bolstered by a review of the certified Administrative Record provided to this court by the

4

Commissioner in this action. At page three of the record, the Commissioner indexes the agency RFC assessment(Exhibit 7F) as follows:

> Physical RFC Assessment, dated 08/09/2007, from **DDS Physician**

Admin. R., at p. 3 (emphasis added). It appears that such error has permeated and persisted even in this action. Inasmuch as plaintiff has but one opportunity to seek benefits for this period, the undersigned finds that while based on the record it is probable that the result will be the same, the possibility that a different result could be reached requires remand as mistaking the conclusion of a lay employee of the Commissioner for that of a physician is so fundamental as to undermine confidence in the process as well as the outcome if left uncorrected.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the decision of the Commissioner, denying the relief sought by plaintiff, be **VACATED**;

(2) the plaintiff's Motion for Summary Judgment (#12) be **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (#15) be **DENIED**; and

(5) this action be **REMANDED** for **REHEARING.**

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: January 28, 2011

Dennis L. Howell
United States Magistrate Judge